Mary Ann MARTIN, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–141.

United States Court of Veterans Appeals.

March 3, 1994.

As Amended March 18 and 24, 1994.

Mary Ann Martin, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Angela Foehl, Washington, DC, were on the pleadings, for the appellee.

Before MANKIN, HOLDAWAY, and STEINBERG, Judges.

MANKIN, Judge, filed the opinion of the Court, in which HOLDAWAY, Judge, joined.

STEINBERG, Judge, filed a dissenting opinion.

MANKIN, Judge:

Mary Ann Martin (appellant) appeals a September 24, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which determined that accrued benefits are countable as income for the purpose of determining entitlement to improved death pension benefits. 38 U.S.C. § 1541. The appellant claims the BVA erred in determining that accrued benefits are includable within countable income because that income is excluded from those calculations by the regulations. However, we find that the payment of accrued benefits is includable in countable income because they are not specifically excluded by either the statute or the regulation. Therefore, we will affirm the Board's findings. The appellant also claims that the Secretary erred in not granting equitable relief. The Court finds that the facts demonstrate that the appellant's claim for equitable relief was never presented to the Secretary, and accordingly the Board is ordered to forward the appellant's request to the Secretary.

### I. Factual Background

The appellant is the widow of John E. Martin, a veteran who served on active duty from March 1952 to February 1954. *Mary Ann Martin*, BVA 91–28196, at 4 (Sept. 24, 1991). The veteran died in April 1988, and pending at that time was his claim for improved pension benefits. *Id.* at 3–4. In April of 1988, the appellant simultaneously applied for both the amount due for the veteran's accrued benefits and death-pension

benefits. Subsequently, the VA informed the appellant that she was entitled to the veteran's accrued benefits and would receive $3,814.00.

The appellant was also granted improved death-pension benefits. However, the amount of those benefits was temporarily reduced, for 1989 only, by $3,814.00, to offset the amount of the accrued benefits. The VA reasoned that the reduction was appropriate because the accrued benefits were countable as family income under 38 C.F.R. § 3.271(a) (1993). The VA considered the appellant's argument that pursuant to 38 C.F.R. § 3.272 (1993), the accrued benefits should be excluded from countable income, but found that the accrued benefits were not classified as excludable income under that section of the regulations. The BVA considered these same arguments and made identical findings. *Mary Ann Martin*, BVA 91–28196, at 2–5.

Finally, the appellant requested that the Secretary exercise his equitable power under 38 U.S.C. § 503. However, the Secretary never processed this request because the Board did not forward it to him. The present appeal followed and the Secretary moved for summary affirmance.

## II. Analysis

### A. Countable Income

■ The appellant first contends that it was error for the Board to find that accrued benefits are includable within countable income for the purpose of determining her eligibility for improved death-pension benefits under 38 C.F.R. § 3.271 (1993). More specifically, the appellant argues that accrued benefits are excluded from countable income by 38 C.F.R. § 3.272(c) (1993). Claimed errors in the interpretation of law are reviewed under the de novo standard, by which the Secretary's interpretation is entitled to no deference from this Court. *See Tobin v. Derwinski*, 2 Vet.App. 34, 37–38 (1991).

■ A payment of accrued benefits under 38 U.S.C. § 5121 is not a payment of a pension for a surviving spouse under 38 U.S.C. § 1541(a). This latter section entitles the spouse of a deceased veteran-pensioner to receive a pension upon the death of the veteran. *Id.* A pension is prospective in nature. *Compare* 38 U.S.C. § 1541 (using present tense, and speaking of continuing duties) *with* 38 U.S.C. § 5121 (using past tense, and speaking of duties to pay lump sum due veteran at death). A pension does not compensate for past mistakes, *id.*, but is "a payment, not wages, made regularly to a person (or to his family) who has fulfilled certain conditions of service." WEBSTER'S NEW WORLD DICTIONARY 1000 (3d ed. 1988).

■ By contrast, accrued benefits under 38 U.S.C. § 5121 are monies due to the veteran at the time of his death, but which were unpaid and are subsequently paid to the veteran's survivors. They are "periodic monetary benefits ... to which [a veteran] was entitled at death under existing ratings or decisions, or those based on evidence in the file at date of death ... and due and unpaid for a period not to exceed one year...." 38 U.S.C. § 5121. It is backward looking in nature, and compensates for the underpayment of benefits. *See* 38 U.S.C. § 5121.

■ The record is conclusive, as evidenced by the VA's notice that accrued benefits were to be paid, that the VA's payment to the appellant was for "benefits due and unpaid at the time of death of the [veteran]." The payment from the VA thus constitutes an accrued-benefit payment made under 38 U.S.C. § 5121. Therefore, this Court holds that neither this payment, nor any payment made under 38 U.S.C. § 5121 for benefits due and unpaid at the time of death, may be classified as a pension.

Since the payment received by the appellant was not a pension but a payment of accrued benefits, this Court next reaches the issue of how income is computed for the purposes of determining pension eligibility. Pensions granted to surviving spouses of veterans are governed by an income limitation set by both statute and regulation. 38 U.S.C. § 1541. The limitation states that the annual rate of pension shall be reduced by the amount of the annual income of the surviving spouse. *Id.* The term "annual income" is broadly defined by both the statute and the applicable regulation. 38 U.S.C. § 1503; 38 C.F.R. § 3.271. Essentially, an-

nual income includes payments of any kind from any source, unless explicitly exempted by operation of the statute or regulation. *Id.;* 38 C.F.R. § 3.272 (setting forth exclusions from income).

The appellant asserts that the payment received from the Secretary is exempted by 38 U.S.C. § 1503(a)(2) and 38 C.F.R. § 3.272, which state that payments made under 38 U.S.C. Chapter 15 are excluded from annual income. Chapter 15 of 38 U.S.C. regards payment of pensions to veterans and their spouses, and, as previously discussed, the lump sum payment received by the appellant was not a pension, but a payment of an accrued benefit. Accrued-benefit payments are governed by 38 U.S.C. Chapter 51, and thus are not excluded from annual income. Accordingly, the accrued-benefits payment must be included in annual income for the purposes of determining eligibility for pension because it is a "payment of any kind from any source." 38 U.S.C. § 1503(a); 38 C.F.R. § 3.271(a). Therefore, we hold that the Secretary did not err in interpreting the statute or the regulations.

### B. Claim for Equitable Relief

■ The appellant next contends that the Secretary erred in not extending equitable relief because the payment of accrued benefits and the subsequent temporary reduction in her pension was the result of administrative error. According to the appellant, her veteran-spouse did not receive the appropriate pension payment because the VA issued him an incorrect claim number. Had the correct claim number been issued, the deceased veteran would have received the amount of the accrued-benefit payment as a pension payment prior to his death, thus having no impact on the appellant's pension payment. Accordingly, the appellant argues the Secretary should have utilized his discretionary authority to provide such equitable relief as necessary to relieve this situation. However, we find that the appellant's claim for equitable relief was never delivered to the Secretary, and therefore his failure to grant the equitable relief was not a negative determination on the merits of the request, but inaction due to lack of notice. Since it was not possible for the Secretary to rule on this claim, we will order the Board to refer the appellant's claim for equitable relief to the Secretary for whatever action is deemed appropriate.

### III. Conclusion

■ The Secretary has moved for summary affirmance of the Board's findings in this matter. Summary disposition is appropriate where the case is one "of relative simplicity" whose outcome is controlled by our precedents and is "not reasonably debatable." *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). However, this Court has never ruled on the issue of including accrued benefits in annual income for the purpose of determining eligibility for improved death-pension benefits. Accordingly, the Secretary's motion is DENIED.

Having reviewed the record, the brief of the appellant, and the Secretary's motion, the September 24, 1991, decision of the Board of Veterans' Appeals is AFFIRMED, and the Board is ordered to refer the appellant's request for equitable relief to the Secretary.

STEINBERG, Judge, dissenting:

I respectfully dissent from the Court's holding that an accrued-benefits payment, received by a veteran's survivor, of the non-service-connected pension amount owed to the veteran in the year before the veteran's death is not to be excluded as income for purposes of determining the survivor's pension entitlement in his or her own right. This is a pure question of statutory interpretation and requires close attention to the words of the two statutory provisions in question, sections 1503(a)(2) and 5121(a) of title 38, U.S.Code, and the interrelationship between them.

The applicable statutory provisions are as follows:

[P]eriodic monetary benefits ... under laws administered by the Secretary to which an individual was entitled at death ... and due and unpaid for a period not to exceed one year, shall, upon the death of such individual be paid as follows:

(2) Upon the death of a veteran, to ...:

(A) the veteran's spouse....

38 U.S.C. § 5121(a)(2)(A).

In determining annual income under this chapter, all payments of any kind or from any source ... shall be included except—

....

(2) payments under this chapter.

38 U.S.C. § 1503(a)(2).

The question of statutory interpretation is whether a payment of accrued benefits is made "under" the law authorizing the benefit to which the veteran was entitled at his death, here VA pension under chapter 15 of title 38, U.S.Code, or is made "under" the accrued-benefits provision, section 5121(a). The latter section describes an "accrued benefit" as one for "periodic monetary benefits ... under laws administered by the Secretary".[1] The statutory pension-income exclusion speaks in terms of "payments under ... chapter [15]".[2] On the face of section 5121(a), the Secretary is directed to pay that monetary benefit owing "under [those other] laws" to the named beneficiaries notwithstanding the death of the originally entitled beneficiary. The benefit to be paid is actually the very one owed to the veteran at death; only the payee has been changed, and the amount is limited to one year's worth. The conclusion that the benefit paid is actually the underlying benefit becomes even clearer in light of the fact that before the technical recodification of VA laws in title 38, U.S.Code, in 1958,[3] the predecessor provision for section 3021 (the forerunner of the current section 5121(a)) provided expressly that "[p]ension" (and other listed benefits) due and unpaid at a veteran's death was to be paid to the designated survivors as "accrued benefits".[4] The legislative history specifies that the 1958 title 38 codification was "basi-

cally a restatement of existing law", effective January 1, 1959.[5]

The survivor's accrued-benefits entitlement in section 5121 could very well have been written by Congress as a benefit paid to the survivor in the same "amount" as the veteran had been entitled to receive. For example, that is exactly the way Congress wrote certain provisions of law borrowing features from earlier laws. In 1982, in enacting the Restored Entitlement Program for Survivors (REPS) "to replace the social security benefits [inadvertently] terminated by ... the Omnibus Budget Reconciliation Act of 1981 [ (OBRA) ]",[6] Congress provided that the REPS benefit would be "the amount ... that such person would receive ... under section 202(g) of the Social Security Act" were it not for the enactment of OBRA.[7] Quite clearly the REPS benefit is one paid under that 1982 law and not under the Social Security Act. Similarly, Congress has provided for a periodic cost-of-living adjustment (COLA) in the REPS benefit "by a percentage that is equal to" the dependency and indemnity compensation (DIC) COLA that is provided for DIC payments made under 38 U.S.C. § 1311; and in 38 U.S.C. § 5312(a) Congress provided for a COLA adjustment for VA pension rates "by the same percentage as the percentage by which" benefit rates are increased under title II of the Social Security Act (Old–Age, Survivors, and Disability Insurance, 42 U.S.C. § 401 et seq.).

In the case of accrued benefits, however, Congress elected to have the very "monetary benefits ... to which [the deceased] was entitled at death ... paid ... to the ... spouse". 38 U.S.C. § 5121(a), (a)(2)(A). It did not choose as it had as to the above REPS and pension benefits to have "the amount" of accrued benefits payable to be determined by "the amount" of pension bene-

1. 38 U.S.C. § 5121(a).

2. 38 U.S.C. § 1503(a)(2).

3. Pub.L. 85–857, 72 Stat. 1105, 1228 (1958).

4. Pub.L. No. 85–56, § 921(a), 71 Stat. 83, 121 (1957).

5. 1958 U.S.C.C.A.N. 4353, H.R.Rep. No. 85–1298, 85th Cong., 2d Sess. 2 (1958); 1958

U.S.C.C.A.N. 4375, S.Rep. No. 85–2259, 85th Cong., 2d Sess. 1 (1958).

6. Cole v. Derwinski, 2 Vet.App. 400, 400–01 (1992) (quoting 128 Cong.Rec. S15121 (daily ed. Dec. 16, 1982)).

7. Pub.L. No. 97–377, § 156(a)(2), (b)(2), 96 Stat. 1920, 1921 (1982).

fits which "would have been received" by the veteran had he lived.

Technically, of course, this analysis does not turn the accrued benefit paid to the appellant in this case into a pension benefit, but it does make the accrued-benefits payment one which meets the pension-income-exclusion provision in section 1503 as a "payment[ ] under this chapter", that is, chapter 15. Although it can reasonably be said that the accrued benefit is paid "under" section 5121, it is equally reasonable to conclude that it is paid "under" chapter 15. At a minimum, it is paid under both, and that is sufficient to meet the requirements of section 1503(a)(2) as to exclusion from income for purposes of computing the appellant's entitlement to pension under chapter 15. If there is any doubt about the correctness of this interpretation, one should be mindful of the Supreme Court's injunction that veterans' benefits laws should be "construed in the beneficiaries' favor".[8]

For the foregoing reasons, I would reverse the decision of the Board of Veterans' Appeals and remand the matter to the Board with a direction that it award the appellant the 1989 pension benefits to which she would have been entitled if the $3,814 accrued benefit she received had been excluded, as it should have been, from the computation of her income for purposes of determining her entitlement to VA pension in her own right.

8. *King v. St. Vincent's Hospital,* —— U.S. ——, —— n. 9, 112 S.Ct. 570, 574 n. 9, 116 L.Ed.2d 578 (1991).