**Mary Ann MARTIN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–141.**

United States Court of Veterans Appeals.

Decided Nov. 29, 1994.

Michael P. Horan and Linda E. Blauhut were on the brief for the appellant.

James A. Endicott, Jr., Gen. Counsel; David T. Landers, Acting Asst. Gen. Counsel; Andrew J. Mullen, Deputy Asst. Gen. Counsel; and Angela Foehl were on the brief for the appellee.

Before MANKIN, HOLDAWAY, and STEINBERG, Judges.

STEINBERG, Judge:

Mary Ann Martin, the widow of a deceased war veteran, appeals a September 24, 1991, decision of the Board of Veterans' Appeals (BVA or Board), which determined that accrued benefits paid in 1989 were countable

income in determining entitlement to death-pension benefits for the following year under 38 U.S.C. § 1541 and therefore served to reduce the amount of those pension benefits by the amount of the accrued-benefits payment. *Mary A. Martin*, BVA 91–18111 (Sept. 24, 1991).

On March 3, 1994, the Court issued an opinion in this case affirming the decision of the Board. *Martin v. Brown*, 6 Vet.App. 272 (1994). Judge Steinberg dissented. *Id.* at 275–77. On March 15, 1994, the appellant, who had been pro se, filed a motion, through counsel, to stay entry of judgment until April 15, 1994, to enable her to file a motion for reconsideration. On April 14, 1994, she did so. Under Rule 35(a) of the Court's Rules of Practice and Procedure, the reconsideration motion stayed entry of judgment pursuant to the Court's March 3, 1994, opinion. This case has been in abeyance during the Court's en banc consideration of *Zevalkink v. Brown*, in which the attorney now representing appellant Martin also entered the *Zevalkink* case to represent the appellant there. That case was decided by the Court on June 2, 1994. *Zevalkink v. Brown*, 6 Vet.App. 483 (1994) (en banc). The Court now grants the pending motion for reconsideration, vacates its March 3, 1994, opinion, and issues this opinion in its stead.

## I. Background

The appellant is the widow of John E. Martin, a Korean-conflict veteran who served on active duty in the U.S. Army from March 1952 to February 1954. R. at 17. The veteran died in April 1988. *Martin*, BVA 91–18111, at 3. Pending before the Veterans' Administration (now Department of Veterans Affairs) (VA) at that time was his claim for VA improved pension benefits under 38 U.S.C. § 1521. *Id.* at 3–4. In May 1988, the appellant applied to a VA regional office (RO) for both lump-sum accrued benefits under 38 U.S.C. § 5121(a) in the amount of VA pension to which the veteran was entitled at his death under 38 U.S.C. § 1521, as well as monthly death-pension benefits under 38 U.S.C. § 1541. *Id.* at 4. In a November 17, 1989, letter the VARO informed the appellant that she was entitled to accrued benefits and would receive a lump-sum payment of $3,814 in such benefits. R. at 5. That payment was made in November 1989. *Martin*, BVA 91–18111, at 4.

The RO also granted the appellant improved death-pension benefits with an effective date of May 1988. R. at 17. However, the RO reduced her pension benefit by $3,814 for the year following the accrued-benefits payment, in order to offset the amount of the accrued-benefits payment. R. at 17. The RO determined the following breakdown of effective dates for monthly pension, countable annual income, and maximum annual pension:

| EFFECTIVE DATE | MONTHLY PENSION | COUNTABLE ANNUAL INCOME | MAXIMUM ANNUAL PENSION |
|---|---|---|---|
| 05–01–88 | $347.00 | $ 0.00 | $4,164 |
| 12–01–88 | 360.00 | 0.00 | 4,331 |
| 12–01–89 | 60.00 | 3,814.00 | 4,535 |
| 12–01–90 | 377.00 | 0.00 | 4,535 |

R. at 9. The RO determined that the appellant was to receive a pension benefit of $347 per month from May 1, 1988, to November 30, 1988, because she had received no income from any source since May 1, 1988, and a pension benefit of $360 per month—increased by virtue of a cost-of-living adjustment (COLA) effective December 1, 1989, *see* 38 U.S.C. § 5312—from December 1, 1988, to November 30, 1989. The RO reduced the appellant's monthly pension benefit to $60 for the one-year period from December 1, 1989, to November 30, 1990, because of the appellant's receipt of the $3,814 lump-sum accrued-benefits payment. Finally, on December 1, 1990, the RO restored the appellant's monthly pension benefit to the maximum of $377—increased by virtue of a COLA effective December 1, 1990—because she had no income from any source beginning on that date. *Ibid.*

The RO reasoned that the pension reduction was required because the accrued benefits were countable as annual income under 38 C.F.R. § 3.271(a) (1993). R. at 12. The RO considered the appellant's argument that the accrued-benefits payment should be excluded from countable income under 38 C.F.R. § 3.272 (1993), but found that accrued benefits were not listed as excludable income under that regulation. R. at 12. The BVA reached the same conclusion. *Martin*, BVA 91–18111, at 4.

On appeal, the appellant contends that the Board erred in finding that accrued benefits are includable within countable income for death-pension purposes. More specifically, she argues that accrued benefits awarded pursuant to 38 U.S.C. §§ 1521 and 5121(a) are excluded from countable income by 38 C.F.R. § 3.272(c). The Secretary contends that neither the law nor any VA regulation makes provision for such exclusion of accrued-benefits payments received by a VA pension claimant.

## II. Analysis

### A. Accrued Benefits Based on Pension Benefit Owed to Veteran at Death

▪ Under chapter 15 of title 38, U.S.Code, a veteran is entitled to VA improved pension if the veteran served in the active military, naval, or air service for ninety days or more during a period of war and is permanently and totally disabled from a non-service-connected disability not the result of the veteran's willful misconduct. 38 U.S.C. § 1521(a), (j). The veteran's service during 1952 to 1954 was during the Korean conflict, a period of war under 38 U.S.C. § 101(11), (9). *See also* 38 C.F.R. §§ 3.2(e), 3.3(a)(3) (1993). His application for VA improved pension benefits was pending at his death in April 1988. Thereafter, the appellant sought one year's worth of those pension benefits as an accrued benefit under 38 U.S.C. § 5121(a).

The law defines accrued benefits as follows:

> [P]eriodic monetary benefits ... under laws administered by the Secretary to which an individual was entitled at death under existing ratings or decisions, or those based on evidence in the file at date of death ... and due and unpaid for a period not to exceed one year, shall, upon the death of such individual be paid as follows:
>
> . . . .
>
> (2) Upon the death of the veteran, to the living person first listed below:
>
> (A) The veteran's spouse....

38 U.S.C. § 5121(a). In *Zevalkink*, the Court held that "the substance of the survivor's claim [for accrued benefits] is purely derivative from any benefit to which the veteran might have been 'entitled' at his death." *Zevalkink*, 6 Vet.App. at 489–90. The veteran's spouse is not entitled to receive any such attributed benefit that the "veteran could not have received upon proper application therefor." *Id.* at 490. The law entitles the survivor only "to stand in the shoes of the veteran and pursue his claim after his death. The only differences are that the law limits the ... [spouse] to one year's worth of those periodic monetary benefits to which the veteran was entitled at death and which were unpaid at the time of death and [as to] certain adjudication rules...." *Ibid.* In the instant case, under *Zevalkink, supra*, the $3,814 lump-sum payment to the appellant in accrued benefits represented one year's

worth of the improved pension benefits to which the veteran was entitled at death.

### B. Death Pension Paid to Veteran's Spouse

■ The surviving spouse of a veteran is entitled to receive VA improved death pension where the veteran satisfies the service requirements of section 1521(j) or, at time of death, was receiving or entitled to receive compensation or retirement pay for a service-connected disability. *See* 38 U.S.C. § 1541(a); 38 C.F.R. § 3.3(b)(4). Death-pension benefits are governed by income limitations which require that, when there is no child of the veteran in the custody of the surviving spouse, the annual rate of pension be reduced by the amount of the annual income of the surviving spouse. *See* 38 U.S.C. § 1541(b); 38 C.F.R. §§ 3.3(b)(4)(iii); 3.23(b), (d)(5) (1993). The statute and VA regulations provide that "annual income", as defined by statute and applicable regulation, includes payments of any kind from any source, unless explicitly exempted by statute or regulation. 38 U.S.C. § 1503; 38 C.F.R. § 3.271; *see* 38 C.F.R. § 3.272 (setting forth exclusions from income). The RO included the $3,814 lump-sum accrued-benefits payment as countable annual income for 1989 and reduced the appellant's maximum 1989–90 pension benefit of $4,535 by $3,814, prorating the $721 difference over twelve months and yielding a $60–per–month pension payment for the period from December 1, 1989, to November 30, 1990.

### C. Determination of Countable Income for Death–Pension Purposes

■ The appellant asserts that the lump-sum accrued-benefits payment is exempted from being counted as annual income by 38 U.S.C. § 1503(a)(2) and 38 C.F.R. § 3.272(c), which provide that payments made "under chapter 15 of title 38, United States Code", are excluded from annual income. 38 C.F.R. § 3.272(c). The essence of her argument is that since an accrued benefit is derivative in nature the accrued-benefit payment in this case was no more than payment of the pension that VA owed to the veteran under 38 U.S.C. § 1521 at his death. Thus, according to the appellant, the benefit was paid "under"

chapter 15 and is excludable as countable annual income. We agree.

The issue in this case is a pure question of statutory interpretation and requires close attention to the words of the two statutory provisions in question, sections 1503(a)(2) and 5121(a) of title 38, U.S.Code, and the interrelationship between them. Section 1503(a)(2) provides:

> In determining annual income under this chapter, all payments of any kind or from any source ... shall be included except—

> .    .    .    .    .

> (2) payments *under* this chapter.

38 U.S.C. § 1503(a)(2) (emphasis added). Accrued benefits are "periodic monetary benefits ... *under* laws administered by the Secretary to which an individual was entitled at death ... and due and unpaid for a period not to exceed one year." 38 U.S.C. § 5121(a) (emphasis added).

The statutory-interpretation question is whether a payment of accrued benefits is made "under" the law authorizing the benefit to which the veteran was entitled at his death, here VA pension under section 1521, or is made "under" the accrued-benefits provision in section 5121(a). On the face of section 5121(a), the Secretary is directed to pay the monetary benefits that are owing "under [those other] laws" to the named beneficiaries notwithstanding the death of the originally entitled beneficiary. As noted above, we held in *Zevalkink* that the benefit to be paid is actually the very one owed to the veteran at death (only the payee has been changed, and the amount is limited to one year's worth of the benefit owed). *Zevalkink*, 6 Vet.App. at 490.

The legislative history of section 5121, as illuminated in *Zevalkink, supra*, buttresses the conclusion that the accrued benefit paid is actually the underlying benefit. Before the technical recodification in 1958 of VA laws in title 38, U.S.Code, by Pub.L. No. 85–857, 72 Stat. 1105, 1228 (1958), the predecessor provision for section 3021, as that section was codified by the 1958 law (section 3021 is the forerunner of the current section 5121(a)), provided expressly that "[p]ension"

(as well as other listed benefits) due and unpaid at a veteran's death was to be paid to the designated survivors as "accrued benefits". Pub. L. No. 85–56, § 921(a), 71 Stat. 83, 121 (1957). The legislative history specifies that the 1958 title 38 codification was "basically a restatement of existing law", effective January 1, 1959. 1958 U.S.C.C.A.N 4353, H.R.Rep. No. 1298, 85th Cong., 2d Sess. 2 (1958); 1958 U.S.C.C.A.N 4375, S.Rep. No. 2259, 85th Cong., 2d Sess. 1 (1958).

The survivor's accrued-benefits entitlement in section 5121 could very well have been written by Congress as a benefit paid to the survivor in the same "amount" as the veteran had been entitled to receive. For example, that is exactly the way Congress wrote certain provisions of law borrowing features from earlier laws. In 1982, Congress enacted the Restored Entitlement Program for Survivors (REPS) "to replace the social security benefits [inadvertently] terminated by ... the Omnibus Budget Reconciliation Act of 1981 [ (OBRA) ]", *Cole v. Derwinski*, 2 Vet.App. 400, 400–01. (1992) (quoting 128 Cong.Rec. S15121 (daily ed. Dec. 16, 1982)), *aff'd sub nom. Cole v. Brown*, 35 F.3d 551 (Fed.Cir.1994). Congress specifically provided that the REPS benefit would be "the amount ... that such person would receive ... under section 202(g) of the Social Security Act" were it not for the enactment of OBRA. Pub.L. No. 97–377, § 156(a)(2), (b)(2), 96 Stat. 1920, 1921 (1982). Quite clearly, the REPS benefit is one paid "under" that 1982 law and not "under" the Social Security Act. Similarly, Congress has provided for a periodic COLA increase for the REPS benefit "by a percentage that is equal to" the dependency and indemnity compensation (DIC) COLA that is provided for DIC payments made under 38 U.S.C. § 1311 (Pub.L. No. 97–377, § 156(e)(1)(A), 96 Stat. 1920, 1921 (1982)); and in 38 U.S.C. § 5312(a) Congress provided a COLA increase for VA pension rates "by the same percentage as the percentage by which" benefit rates are increased under title II of the Social Security Act (Federal Old–Age, Survivors, and Disability Insurance Benefits), 42 U.S.C. § 401 *et seq.*

In the case of accrued benefits, however, Congress elected to have the very "monetary benefits ... to which [the deceased beneficiary] was entitled at death ... paid ... to the ... spouse." 38 U.S.C. § 5121(a)(2)(A). It did not choose, as it had for the above REPS and pension benefits, to have "the amount" of accrued benefits payable determined by the "amount" of pension benefits which "would have been received" by the veteran had he lived.

Accordingly, the Court holds that the accrued-benefits payment in the instant case meets the pension-income-exclusion provision in section 1503(a)(2) as a "payment[ ] under this chapter", that is, chapter 15, for purposes of computing the appellant's entitlement to death pension under chapter 15. At a minimum, the accrued benefit is paid "under" both section 5121 and chapter 15, and that is sufficient to meet the section 1503(a)(2) exclusion. If there were any doubt about the correctness of this interpretation, it would be resolved by the Supreme Court's injunction that "provisions for members of the Armed Services" should be "construed in the beneficiaries' favor". *King v. St. Vincent's Hospital*, 502 U.S. 215, 220 n. 9, 112 S.Ct. 570, 574 n. 9, 116 L.Ed.2d 578 (1991); *see Smith (William A.) v. Brown*, 35 F.3d 1516, 1525 (Fed.Cir.1994) ("[v]eterans benefits statutes clearly fall in this category").

### III. Conclusion

For the foregoing reasons, the Court reverses the September 24, 1991, BVA decision and remands the matter to the Board for it to award the appellant the 1989–90 death-pension benefits to which she would have been entitled if the $3,814 accrued-benefits payment she received had been excluded, as it should have been, from the computation of her income for purposes of determining her entitlement to those VA pension benefits.

REVERSED AND REMANDED.