**Delbert Verne WALKER, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94–805.

United States Court of Veterans Appeals.

Nov. 9, 1995.

As Amended Dec. 6, 1995.

Delbert Verne Walker, pro se.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and Mary Ann Flynn, were on the brief for appellee.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Judges.

MANKIN, Judge:

Delbert V. Walker, the appellant, appeals an August 5, 1994, decision of the Board of Veterans' Appeals (BVA or Board) which determined that income from the total disability income provision (TDIP) of National Service Life Insurance (NSLI) is countable as income for VA improved pension purposes. The appellant, appearing pro se, filed an informal brief. The Secretary filed a brief seeking affirmance of the BVA decision. The appeal is timely, and this Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, the Court will affirm the August 5, 1994, BVA decision.

## I. FACTUAL BACKGROUND

The appellant served on active duty in the United States Air Force from September 1950 through August 1953.

In November 1979, the appellant submitted an application for compensation or pension, stating he had not worked since July 1979. On March 11, 1980, the VA regional office (VARO) found that the appellant was precluded from engaging in substantial gainful employment and rated his non-service-connected injuries as 80% disabling. The appellant then completed a VA form 21–6897, Statement of Income and Net Worth—Disability, dated March 24, 1980, on which he stated that as of January 12, 1980, his "unemployment benefits [were] exhausted," and that he expected no further income from any other source. Also in March 1980, after the VARO advised the appellant that he might be entitled "to a waiver of premiums regarding his NSLI policy," he submitted a claim for disability insurance benefits, requesting total disability income.

In May 1980, the VARO determined that the appellant had been totally disabled for insurance purposes since July 1979 and waived his NSLI premiums. In addition, the appellant was awarded TDIP payments of $50 per month. The TDIP payments were retroactive to January 7, 1980, and the appellant was advised that he would receive a refund of any premiums paid since July 22, 1979.

In March 1992, a review of appellant's records, conducted by the VARO, revealed that he was receiving TDIP payments but was not reporting this on his VA pension annual income verification reports. The VARO then informed the appellant that as a result, adjustments would be made to his pension benefits. The appellant, by letter, disagreed, maintaining that NSLI income was not countable income for pension purposes. In May 1992, the appellant testified that VA personnel had informed him that NSLI income was not countable income for pension purposes. The appellant also testified that he should have been given the option of electing between the old pension program and the new one which was enacted by the Veterans' and Survivors' Pension Improvement Act of 1978, Pub.L. No. 95–588, 92 Stat. 2497 (1978) (the Act).

In June 1992, the VARO determined that the appellant was eligible for VA pension benefits only under the new pension program, under which TDIP payments are considered countable income for pension purposes. In July 1992, the appellant filed a timely Notice of Disagreement to this decision. Subsequently, the BVA concluded that under the new pension law TDIP payments must be included as countable income because they are not specifically excluded by the governing regulations. *Delbert V. Walker*, BVA 94–12471, at 3 (August 5, 1994). The BVA further concluded that the appellant was not entitled to elect between the old and new pension laws because his claim for entitlement to pension benefits was not received before the new pension law went into effect. *Walker*, BVA 94–12471, at 4.

## II. ANALYSIS

■ In statutory interpretation, if "the plain meaning of a statute is discernible, that 'plain meaning must be given effect.'" *Tallman v. Brown*, 7 Vet.App. 453, 460 (1995) (citation omitted); *see also Brown v. Gardner*, — U.S. ——, ——–——, 115 S.Ct. 552, 555–56, 130 L.Ed.2d 462 (1994).

■ Section 1521 of title 38 of the United States Code provides that "[t]he Secretary shall pay to each veteran of a period of war who meets the service requirements . . . and who is permanently and totally disabled from non-service-connected disability not the result of the veteran's willful misconduct, pension at the rate prescribed by this section. . . ." 38 U.S.C. § 1521(a). Section 1521 further provides that "[t]he rate payable shall be reduced by the amount of the veteran's annual income. . . ." 38 U.S.C. § 1521(e). The statutory provision that governs determinations with respect to annual income provides that "all payments of any kind or from any source (including salary, retirement or annuity payments, or similar income, which has been waived, irrespective of whether the waiver was made pursuant to statute, contract, or otherwise) shall be included," with the exception of certain enumerated categories. 38 U.S.C. § 1503(a). There being nothing ambiguous about the meaning of these provisions, their plain meaning requires that the TDIP payments be included as annual income, and the appropriate deductions must be made. *See Gardner, supra; Martin v. Brown*, 7 Vet.App. 196, 199 (1994) ("The statute and VA regulations provide that 'annual income', as defined by statute and applicable regulation, includes payments of any kind from any source, unless explicitly exempted by statute or regulation." (citation omitted)); *see also* 38 C.F.R. §§ 3.271 ("payments of any kind from any source shall be counted as income"); 3.272 (enumerating categories to "be excluded from countable income for the purpose of determining entitlement to improved pension" and not including TDIP payments). Therefore, the Court holds that the BVA was correct in finding that the TDIP "payments should have been considered to be countable income[,] effective June 1, 1980." *Walker*, BVA 94–12471, at 4–5.

■ The old pension law excluded TDIP payments from countable income. *See* Veterans' Pension Act of 1959, Pub.L. No. 86–211, § 2(a), 73 Stat. 432 (1959) (then codified at 38 U.S.C. § 503); 38 C.F.R. § 3.261(a)(20). However, the new pension law went into effect on January 1, 1979, and the transition provisions of the Act enacting the new pension law provided that only veterans who were authorized to receive benefits under the old law may elect between the two laws. *See*

Veterans' and Survivors' Pension Improvement Act of 1978, Pub.L. No. 95–588, § 306(a)(1)(A), 92 Stat. 2497, 2508 (1978); *see also Montalvo v. Brown,* 7 Vet.App. 312, 313 (1995). The appellant did not apply for benefits until November 1979, after the new pension law went into effect. Accordingly, the appellant was not entitled to elect between the two laws.

The Court does recognize that the appellant alleges, in his informal brief, that certain records, from July 1979 to 1985, were missing from his claims file. According to the appellant, these records would indicate that he applied for pension benefits in July 1979, rather than November 1979. Omitting these records from the claims file was erroneous, but the error was nonprejudicial because the records would not have changed the outcome of this appeal. *See* 38 U.S.C. § 7261(b); *Gabrielson v. Brown,* 7 Vet.App. 36 (1994). It would not have changed the outcome because July 1979 is later than January 1, 1979, the date that the new pension law went into effect.

Finally, the appellant contends that he was informed by VA personnel that TDIP payments were not included as countable income for pension purposes. However, as this Court stated in *McTighe v. Brown,* 7 Vet.App. 29 (1994), "erroneous advice given by a government employee cannot be used to estop the government from denying benefits." *Id.* at 30 (relying on *OPM v. Richmond,* 496 U.S. 414, 424, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387 (1990)). Therefore, although the appellant may have received erroneous information from VA personnel, the applicable laws and regulations clearly require that TDIP payments be included as countable income for VA improved pension purposes.

### III. CONCLUSION

Upon consideration of the record and after reviewing the pleadings of the parties, the Court AFFIRMS the August 5, 1994, decision of the BVA.