John D. SPRINGER, Appellant,

v.

Togo D. WEST, Jr., Acting Secretary of Veterans Affairs, Appellee.

No. 96–685.

United States Court of Veterans Appeals.

Jan. 23, 1998.

Robert A. Laughlin, Omaha, NE, was on the brief for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and Jacqueline M. Sims, Washington, DC, were on the brief for appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

IVERS, Judge:

The veteran appeals a March 7, 1996, decision of the Board of Veterans' Appeals (BVA or Board) which determined that rental and tort compromise proceeds received by the veteran constituted countable income for Improved Disability Pension (IDP) purposes. Each party filed a brief. On August 27, 1997, the Court granted the parties' joint motion for a partial remand and vacated that part of the Board's decision that determined that rental proceeds received from inherited land held in trust by the Federal Government is countable income for IDP purposes. The remaining question for the Court is whether the sum of $93,750.00 received by the veteran pursuant to the settlement of a claim under the Federal Tort Claims Act (FTCA) is countable for IDP purposes. For the reasons stated below, the Court will affirm the decision of the BVA with respect to that issue.

## I. FACTS

The veteran served on active duty from September 1950 to August 1952. Record (R.) at 15. On January 1, 1983, the veteran was granted IDP benefits based upon zero income. R. at 19. Effective July 1, 1988, additional benefits were paid based upon his need for aid and attendance resulting from his status as a patient in a nursing home. Supplemental R. at 1–2.

A November 1994 letter from the veteran's representative informed VA that the veteran and the Federal Government, in September 1994, had agreed to a compromise settlement in the amount of $250,000.00, pursuant to the FTCA. According to the settlement, the veteran's attorney, acting as trustee, was to receive $156,250.00. Of that amount, the at-torney was to receive a fee of $62,500.00 and the remainder ($93,750.00) was to be used for costs advanced and/or expenses incurred in connection with the purchase of a house, furniture, a vehicle, and insurance for the veteran. The $93,750.00 remaining from the total settlement was to be used to fund the purchase of an annuity for the veteran. R. at 176–77, 180–87. The annuity provided for a monthly payment of $631.87 throughout the lives of the veteran and his spouse, guaranteed for 120 months with a guaranteed payout of $75,824.40. R. at 183. The veteran indicated that the trustee had been issued a settlement check on November 9, 1994. R. at 196.

In December 1994 the VA regional office (RO) informed the veteran that his IDP had been suspended based upon the FTCA settlement papers submitted by the veteran's representative. R. at 193–94. The RO noted that the veteran had received the sum of $93,750.00 to purchase a house and a vehicle and to pay miscellaneous costs. R. at 193.

In January 1995 the RO terminated the veteran's benefits, effective December 1, 1994, based upon the $93,750.00 received in November 1994. The RO explained that the veteran's benefits had been discontinued because his annual income of $96,172.00 exceeded the income limit of $15,345.00, set by law. He was informed that his settlement income was countable income for VA purposes for the period December 1, 1994, through December 1, 1995. He was told that he could reapply for pension after December 1, 1995. R. at 199–200.

The veteran submitted a Notice of Disagreement. R. at 202–03. A Statement of the Case was issued. R. at 219–27. The veteran submitted a substantive appeal. R. at 231–32.

On March 7, 1996, the BVA rendered the decision currently on appeal. The BVA determined that the sum of $93,750.00, paid to the veteran's trustee as settlement under the FTCA on behalf of the veteran, constituted countable income for IDP purposes. R. at 8.

## II. ANALYSIS

Pursuant to 38 U.S.C. § 1521(a), the Secretary "shall pay to each veteran of a period

of war who meets the service requirements of this section ... and who is permanently and totally disabled from non-service-connected disability not the result of the veteran's willful misconduct, pension at the rate prescribed by this section ..." *See also Martin v. Brown,* 7 Vet.App. 196, 198 (1994). The maximum rates for improved pension "shall" be reduced by the "amount of the countable annual income of the veteran or surviving spouse." 38 C.F.R. § 3.23 (1997); 38 U.S.C. § 1521. In determining annual income under chapter 15 of title 38 of the United States Code, "all payments of any kind or from any source (including salary, retirement or annuity payments, or similar income, which has been waived ...) shall be included except [for listed exclusions]." 38 U.S.C. § 1503(a); *see also* 38 C.F.R. §§ 3.260, 3.261, 3.262 (1997). Section 1522(a) of title 38 of the United States Code states that the Secretary "shall" deny or discontinue the payment of a veteran's pension or payment to the veteran's spouse based upon consideration of the annual income of the veteran, the veteran's spouse, or the children.

Furthermore, "[p]ayments *of any kind from any source* shall be counted as income during the 12–month annualization period in which received unless specifically excluded...." 38 C.F.R. § 3.271(a) (1997). (Emphasis added.) Recurring income is income that is "received or anticipated in equal amounts and at regular intervals (e.g., weekly, monthly, quarterly, etc.)" and that continues throughout an entire 12-month annualization period. 38 C.F.R. § 3.271(a)(1). Proceeds received from a tort claim settlement are not included in the list of "Exclusions from income" noted in 38 C.F.R. § 3.272 (1997).

 The veteran has not pointed to any statutory or regulatory mandate under title 38 which would exclude the proceeds from the settlement of his claim under the FTCA from being considered income. *See generally* 38 C.F.R. § 3.272. Instead, he has suggested the need for interpretation of several statutory and regulatory provisions, specifically 38 U.S.C. §§ 1503, 1522 and 38 C.F.R. §§ 3.274, 3.275. Appellant's Brief at 16. In statutory interpretation, if "the plain meaning of the statute is discernible, that 'plain meaning must be given effect.'" *Walker v. Brown,* 8 Vet.App. 356, 358 (1995); *see also Brown v. Gardner,* 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994). "[W]hen a reviewing court 'find[s] the terms of a statute unambiguous, judicial inquiry is completed except in rare and exceptional circumstance.'" *Smith v. Derwinski,* 2 Vet.App. 429, 431 (1992). As the Board stated in its decision,

> Although it is true that 38 C.F.R. §§ 3.274, 3.275 ... dictate that the value of the items so purchased [house, vehicle, insurance, etc.] not be considered in the future in determining the veteran's net worth for pension purposes, it does not follow that the proceeds used to purchase such assets should not be considered as countable income during the annualization period in which received.

R. at 11. Because the plain meanings of the statutory and regulatory provisions in question are not ambiguous, their plain meaning requires that the veteran's settlement of his claim against the United States Government pursuant to the FTCA be considered countable income for VA purposes and that the appropriate deductions be made. *Martin,* 7 Vet.App. at 199; 38 U.S.C. § 1503 (annual income includes annuity payment); 38 U.S.C. § 1521(e) ("rate payable shall be reduced by the amount of the veteran's annual income").

### III. CONCLUSION

The March 7, 1996, decision of the BVA is AFFIRMED.