# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-460

JAMES A. MCCOLLEY, APPELLANT,

V.

TOGO D. WEST,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided  July 21, 2000   )

*R. Lawrence Roberson,* of Tulsa, Oklahoma, was on the brief for the appellant.

*Leigh A. Bradley,* General Counsel; *Ron Garvin*, Assistant General Counsel; *Carolyn F. Washington,* Deputy Assistant General Counsel; and *Jennifer Whittington*, all of Washington, D.C., were on the pleadings for the appellee.

Before NEBEKER, *Chief Judge,* and KRAMER and FARLEY, *Judges.*

NEBEKER, *Chief Judge*:   The veteran, James A. McColley, appeals a November 19, 1998, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to an earlier effective date for a grant of additional disability compensation in the form of a dependency allowance for his children.  The veteran has filed a brief and the Secretary has filed a motion for summary affirmance.  For the reasons set forth below, the Court will grant the Secretary's motion and affirm the Board's decision.

## I.  FACTS

The veteran served on active duty from August 1968 to March 1971, including service in Vietnam.  Record (R.) at 8.  In November 1992, he filed an initial application for service-connected disability benefits, and indicated that he had five children.  R. at 17-20.  Three of the children listed shared the appellant's last name and two, indicated as stepchildren or adopted children, had the last name of the appellant's wife's former spouse.  R. at 18.  Copies of the appellant's marriage certificate

and license were received by VA in February 1993. R. at 22-24. A July 1993, VA rating decision granted service connection for post-traumatic stress disorder (PTSD) and assigned a 50% evaluation, effective December 1992. R. at 26-28, 30. In August 1993, VA notified the appellant of this decision, informed him that he may be entitled to additional compensation for his children, and asked him to furnish original or certified copies of the birth certificates of his children. R. at 30. Based on an appeal, in August 1994, his PTSD rating was increased to 100%. R. at 64-67.

In September 1996, the appellant submitted a "Declaration of Status of Dependents" to VA, and included copies of the birth certificates of three of his children. R. at 72-77. Additional compensation was awarded effective October 1996. R. at 82. The appellant was notified that his dependents could not be added prior to that date because the birth certificate information requested in August 1993 had not been furnished until 1996. *Id.* This determination was appealed and at an April 1997 hearing, the appellant testified that shortly after the 1993 request he had sent the requested birth certificates to VA by mail. R. at 102, 105. In the decision here on appeal, the BVA held that the record did not support the appellant's contention that he had submitted the required evidence of his children's birth within one year of VA's August 1993 request, and accordingly, his claim for entitlement to an earlier effective date was denied. R. at 1-4.

In his brief to the Court, the appellant, through counsel, argues that his hearing testimony, under oath, that he sent the birth certificates within one year of the August 1993 letter, has not been contradicted, and should be accepted as fact. Appellant's Brief (Br.) at 5. Citing 38 C.F.R. §§ 3.204 and 3.209 (1999), he further asserts that evidence sufficient for establishing age or relationship of a dependent child is not limited to birth certificates, and that his benefits application of 1992, identifying his children, and signed under warning of penalty for willful submission of any false statement, should suffice to establish that VA had evidence of his dependents at the time of, and therefore within one year of, submission of his original claim. *Id.* at 5-7.

The Secretary responds that the BVA made a plausible finding of fact regarding the assigned effective date and should be affirmed. Secretary's Br. at 3-5. He contends that he is entitled to the "presumption of regularity," and that the appellant's testimony that he mailed the birth certificates was insufficient to overcome the presumption because no birth certificates are located in the claims file. *Id.* at 6. The Secretary argues that the appellant failed to submit the evidence required by

2

38 C.F.R. § 3.209, and that a father's sworn statement is insufficient because the regulation requires public documents or private but independent records. *Id.* at 6-7. Further, he argues that section 3.209(g) "does not contemplate that the claim *itself*" can serve as the evidence necessary to establish dependency. *Id.*

## II. ANALYSIS

Generally, a Board determination of the proper effective date is a finding of fact, which the Court reviews under the "clearly erroneous" standard of review. *See Hanson v. Brown*, 9 Vet.App. 29, 32 (1996); *Scott v. Brown*, 7 Vet.App. 184, 188 (1994). However, here we are presented with questions of law based on uncontested facts, and our review is de novo. *See* 38 U.S.C. § 7261(a)(1); *Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc); *see also Hensley v. West*, 212 F.3d 1255 (Fed. Cir. 2000) (discussing this Court's de novo review authority).

If evidence requested by VA in connection with a claim is not furnished within one year, the claim will be considered abandoned and further action will be considered a new claim upon which payments shall commence no earlier than the date of such new claim. 38 C.F.R. § 3.158(a) (1999); *see also Wamhoff v. Brown*, 8 Vet.App. 517, 520 (1996) (where evidence supporting claim not furnished within one year of request, claim considered abandoned under section 3.158(a)); *Morris v. Derwinski*, 1 Vet.App. 260, 265 (1991) (same; claimants deemed to have knowledge of requirements of section 3.158(a)) (citing *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 384-85 (1947) (charging those dealing with the Government with knowledge of federal statutes and regulations)). Section 5110(f), title 38, U.S. Code, provides that "[a]n award of additional compensation on account of dependents . . . shall be payable from the effective date of [a] rating; but only if proof of dependents is received within one year from the date of notification of such rating action."

The effective date for payment due to a claimant based on dependency shall be the latest of: (1) the "date of claim"; (2) the date dependency arises; (3) the effective date of the qualifying disability, so long as evidence of dependency is received by VA within one year of notification of such rating; or (4) the date of commencement of the veteran's award. 38 C.F.R. § 3.401(b) (1999).

The "date of claim" includes the "date notice is received of the dependent's existence, if evidence is received within 1 year of [VA's] request." *Id.*

The regulations provide that VA will accept the written statement of a claimant as proof of the birth of a child, for purposes of determining entitlement to benefits, as long as the statement contains the month, year, and place of the birth, the full name and relationship of the child to the claimant, residency information if the child does not live with the claimant, and the child's social security number. 38 C.F.R. § 3.204(a)(1). Other evidence is required when the claimant does not reside within a state, when the claimant's statement on its face raises questions of validity or conflicts with other evidence of record, or when there is a reasonable indication of fraud or misrepresentation of the relationship in question. *See* 38 C.F.R. § 3.204(a)(2) (requiring evidence of the types indicated in 38 C.F.R. §§ 3.205 through 3.211 (1999)). Under section 3.209, age or relationship may be established by several methods, including: (a) a copy of a public record of birth; (b) a copy of a church baptismal record; (c) a service department official report if the birth occurred while the veteran was in service; (d) an affidavit or certified statement of the physician or midwife in attendance at the birth; (e) a certified copy of a Bible or other family record; (f) affidavits or certified statements of two or more people, preferably disinterested, attesting to their personal knowledge of certain biographical information of the person in question; or (g) "[o]ther evidence which is adequate to establish the facts in issue, including census records, original baptismal records, hospital records, insurance policies, [or] school, employment, immigration, or naturalization records."

Here, based on the record before us, the Court holds that the Board did not err in the denial of an earlier effective date. The Secretary has authority to prescribe the nature and extent of the proof required in order to establish a right to VA benefits. *See* 38 U.S.C. § 501. The VA application form for benefits, which the appellant submitted in November 1992, states that both a marriage certificate evidencing a claimant's current marriage, and a "certified copy of the public or church record of birth," are required. *See* R. at 18; *see also* 38 U.S.C. § 5101(a) (claim must be filed in form prescribed by Secretary); *Jones v. West*, 136 F.3d 1296, 1299 (Fed. Cir. 1998), *cert. denied*, 525 U.S. 834 (1998). The record includes copies of the appellant's marriage certificate, received by VA in 1993, but does not evidence receipt of birth certificates at that time. *See* R. at 22-24. The VA's August 1993 letter reiterated the need for birth certificates; however, the evidence does not show that

4

the appellant complied with this requirement, and no birth certificates were received until 1996. *See* R. at 72-75; *see also* 38 U.S.C. § 5103 (Secretary shall notify claimant of evidence necessary to complete application for benefits). The appellant's sworn testimony that he mailed the birth certificates within one year of VA's request, assumed truthful for our purposes, does not serve to secure an earlier effective date. An award of dependency benefits is not contingent on the "mailing" of the required evidence, but rather its "receipt" by VA. *See* 38 C.F.R. §§ 3.401(b) (effective date for award of dependency compensation contingent on date evidence "received"), 3.158(a) (claim considered abandoned if evidence not "furnished" within one year of VA's request); *cf.* 38 C.F.R. § 7104(e) (19991) (Board shall "mail" or "send" copy of its decision to claimant or representative); *see also* R. at 30 (VA's August 1993 letter directing appellant to "furnish" birth certificates). This Court has made clear that to "furnish" constitutes something "more than mere mailing," and requires actual receipt. *See Montalvo v. Brown*, 7 Vet.App. 312, 314 (1995). In the absence of any evidence that the appellant's children's birth certificates were received by VA prior to 1996, there is no contested fact supporting a contrary finding.

Further, while the regulations prescribe acceptance of a claimant's written statement as evidence of the birth of a child, this form of proof is only admissible when (1) the statement contains certain information and (2) other factors, casting doubt as to the validity of the information, are not present. *See* 38 C.F.R. § 3.204(a)(1), (a)(2). The appellant's original application for benefits does not satisfy the "written statement" required by section 3.204(a)(1) because it does not include the place of the children's birth. *See* 38 C.F.R. § 3.204(a)(1). Additionally, because the application lists two children who have a different last name from that of the appellant, and whom he identified as step children or adopted children, this situation is one such as those contemplated by section 3.204(a)(2), where the written statement of the claimant is not adequate to prove dependency, and alternate proof is therefore required. *See* 38 C.F.R. § 3.204(a)(2) (requiring alternate proof when statement "on its face raises a question of its validity").

Because the appellant did not satisfy the "written statement" requirement of section 3.204 in showing dependency, he would need to have satisfied one of the alternative methods of proving his relationship with the dependents for the Court to find error in the Board's determination. He argues that his signed application for benefits, identifying the children, meets the requirement of "[o]ther

evidence which is adequate to establish the facts in issue." *See* 38 C.F.R. § 3.209(g). The Court disagrees.

As noted above, while section 3.204(a)(1) permits a claimant's written statement to serve as evidence of dependency, the statement must include certain information. If there is doubt as to the validity of that statement, evidence as outlined in section 3.209 may serve as proof of dependency. The evidence listed in section 3.209 includes various types of public and private records, certified statements and affidavits, as well as "other adequate evidence." While the "other adequate evidence" catchall of section 3.209(g) leaves room for discretion by VA, the evidence suggested in section 3.209(g) is limited to either public information, or private, but independent, information. *See* 38 C.F.R. § 3.209(g) ("other evidence" includes "census records, original baptismal records, hospital records, insurance policies, [or] school, employment, immigration, or naturalization records"). Thus, something more than "the written statement of the claimant," *see* section 3.204(a), is needed to fulfil section 3.209(g). Further, were VA to accept a statement of the claimant which fails to meet the requirements of section 3.204(a)(1) as proof of dependency under section 3.209(g), the application of section 3.204(a)(1) would become moot. *See McGuire v. West*, 11 Vet.App. 274, 279 (1998) ("Regulations should be construed so as to harmonize them with the authorizing law"); *Bone v. Brown*, 9 Vet.App. 446, 449 (1996) (deference is given to Secretary's interpretation of statute). Accordingly, we hold that when read in the context of section 3.209 in its entirety, it is manifest that the "other evidence" satisfying section 3.209(g) must be of the type that has special indications of trustworthiness so as to render it "adequate to establish the facts in issue." While the evidence specifically listed in section 3.209(g) is not exhaustive of the "other adequate evidence," the benefits claim form, standing alone, may not serve to satisfy this regulation. Therefore, the BVA did not err in denying entitlement to an effective date for dependency benefits earlier that October 1996.

### III. CONCLUSION

After consideration of the veteran's brief, the Secretary's motion, and a review of the record, the Court holds that the appellant has not demonstrated that the Board committed either legal or factual error which would warrant reversal or remand. The Secretary's motion is therefore granted, and the November 19, 1998, decision of the Board is AFFIRMED.