﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190611-36915
DATE: February 27, 2020

ORDER

New and relevant evidence having been submitted, readjudication of the claim for entitlement to an effective date earlier than December 1, 2013, for additional compensation benefits for a dependent spouse for Veterans’ Administration (VA) compensation purposes is granted. 

Entitlement to an effective date earlier than December 1, 2013, for additional compensation benefits for a dependent spouse for VA compensation purposes is denied.

 

FINDINGS OF FACT

1. New evidence was received after the January 2019 denial that is relevant to the issue of entitlement to an effective date earlier than December 1, 2013, for the inclusion of the Veteran’s spouse as a dependent for VA compensation purposes. 

2. VA did not receive needed evidence regarding the Veteran’s spouse until November 5, 2013.

CONCLUSIONS OF LAW

The criteria for readjudicating the claim for entitlement to service connection for entitlement to an effective date earlier than December 1, 2013, for the inclusion of the Veteran’s spouse as a dependent for VA compensation purposes have been met. 38 C.F.R. §§ 3.156(d); 3.2501(a)(1).

1. The criteria for an effective date earlier than December 1, 2013, for the inclusion of the Veteran’s spouse as a dependent for VA compensation purposes have not been met. 38 U.S.C. §§ 5101, 5110, 7104; 38 C.F.R. §§ 3.1, 3.4, 3.50, 3.205, 3.213, 3.401.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty with the United States Air Force from November 1965 to February 1969. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework. The Veteran has selected the Direct Review process. 

In March 2019, the Veteran filed a supplemental claim for entitlement to an effective date earlier than December 1, 2013, for the inclusion of the Veteran’s spouse as a dependent for VA compensation purposes. The Board of Veterans’ Appeals previously denied the Veteran’s claim in January 2019. The Veteran included a Civilian Health and Medical Program of the Department of Veterans Affairs (CHAMPVA) card listing the Veteran’s spouse with an effective date of April 9, 2011. 

The VA issued a May 2019 decision stating no additional evidence was submitted. The Veteran appealed the May 2019 decision directly to the Board, electing the “direct review” process. No favorable findings were issued. 

New and Relevant Evidence

VA will readjudicate a claim if new and relevant evidenced is presented or secured. AMA, Pub. L. No. 115-55, § 5108, 131 Stat. 1105, 1109. “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. AMA, Pub. L. No. 115-55, § 101(35), 131 Stat. 1105, 1105.

The question in this case is whether the Veteran submitted evidence after the supplemental claim for entitlement to an effective date earlier than December 1, 2013, for the inclusion of the Veteran’s spouse as a dependent for VA compensation purposes, and if so, whether that evidence is new and relevant to his claim.

The Veteran submitted a CHAMPVA card listing the Veteran’s spouse with an effective date of April 9, 2011, the date of the Veteran’s marriage. The CHAMPVA card was not previously before the record and suggests potential notice of the Veteran’s marriage. Therefore, this statement is relevant evidence that tends to prove or disprove a matter in issue and readjudication of the claim for entitlement to an effective date earlier than December 1, 2013, for the inclusion of the Veteran’s spouse as a dependent for VA compensation purposes is warranted.

Earlier Effective Date

The Veteran seeks entitlement to an effective date earlier than December 1, 2013, for the addition of his spouse as his dependent. He argues that he has been married since 2011 and he placed VA on notice of this marriage once his spouse was granted CHAMPVA benefits.

Unless specifically provided otherwise, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefore. 38 U.S.C. § 5110(a). 

An award of additional compensation on account of dependents based on the establishment of a disability rating in the percentage evaluation specified by law for the purpose shall be payable from the effective date of such rating; but only if proof of dependents is received within one year from the date of notification of such rating action. 38 U.S.C. § 5110(f). An additional amount of compensation may be payable for a spouse, child, and/or dependent parent where a Veteran is entitled to compensation based on disability evaluated as 30 percent or more disabling. 38 U.S.C. § 1115; 38 C.F.R. § 3.4(b)(2).

Regarding additional compensation for dependents, the effective date will be the latest of the following dates: (1) Date of claim. This term means the following, listed in their order of applicability: (i) Date of Veteran’s marriage, or birth of his or her child, or, adoption of a child, if the evidence of the event is received within 1 year of the event; otherwise (ii) Date notice is received of the dependent’s existence, if evidence is received within 1 year of the Department of Veterans Affairs request. (2) Date dependency arises. (3) Effective date of the qualifying disability rating provided evidence of dependency is received within 1 year of notification of such rating action. (4) Date of commencement of Veteran’s award. 38 C.F.R. § 3.401(b).

Regarding “establishing entitlement to a higher rate of pension, compensation, or dependency and indemnity compensation based on the existence of a dependent, VA will require evidence which satisfies the requirements of § 3.204.” 38 C.F.R. § 3.213(a). In this regard, 38 C.F.R. § 3.204 provides as follows:

VA will accept, for the purpose of determining entitlement to benefits under laws administered by VA, the statement of a claimant as proof of marriage, dissolution of a marriage, birth of a child, or death of a dependent, provided that the statement contains: the date (month and year) and place of the event; the full name and relationship of the other person to the claimant; and, where the claimant’s dependent child does not reside with the claimant, the name and address of the person who has custody of the child. In addition, a claimant must provide the social security number of any dependent on whose behalf he or she is seeking benefits (see § 3.216).

In addition, the United States Court of Appeals for Veterans Claims (Court) has found that while acceptance of a claimant’s written statement may be evidence of the existence of a dependent, it is only acceptable when it contains specific, required information. See McColley v. West, 13 Vet. App. 553, 557 (2000).

With the above laws and regulations in mind, the Board notes that the facts of this appeal are not in dispute and are as follows.

Review of the claims file reveals that the Veteran’s initial notice of his dependent spouse to the VA was on November 5, 2013 through a phone call. A Form 21-0820 was provided to protect the date of claim. The Veteran’s following November 2013 claim for VA disability benefits was accompanied by a Form 21-686c, Declaration of Status of Dependents. Moreover, the Form 21-686c included, among other things, notice that the Veteran was married, the name of his spouse, their date of marriage, and her Social Security Administration (SSA) number. 

The Veteran has asserted that he should be entitled to an effective date of April 9, 2011 for that dependency grant. He asserts that, because his spouse had been granted CHAMPVA benefits, VA was on notice that he had a spouse, and therefore, should have inferred a dependency claim based on her eligibility.

For sake of clarity, the Board notes that CHAMPVA is a comprehensive health care program in which VA shares the cost of covered health care services and supplies with eligible beneficiaries, including the spouse or child of a Veteran who has been rated permanently and totally disabled for a service-connected disability by a VA regional office. CHAMPVA is a separate program from those administered by the Veteran’s Benefit Administration (VBA) of the VA (it is administered by the Veteran’s Health Administration (VHA) Office of Community Care). See 38 C.F.R. § 17.270(a). 

The Veteran’s spouse was the applicant for and subsequent recipient of CHAMPVA. That application was made to VHA, not VBA, by the Veteran’s spouse and not the Veteran. 

Here, the Board finds this situation similar to claims for increase of service-connected disabilities where a Veteran may have received treatment for a service-connected disability by a VA medical office prior to filing a claim. Previously, this could be an informal claim under 38 C.F.R. § 3.157(b). 

In such situations, evidence either generated by VA or submitted to VA by the claimant as part of the claim, even if not actually of record, is constructively of record when a decision is made if the evidence predates the Board’s opinion. See Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). The level of knowledge of the existence of VA medical records required to trigger constructive receipt is governed by the duty to assist. The records must be sufficiently identified and the claimant must furnish sufficient information to identify and locate the records, the approximate time frame of the records, and the condition for which treatment was provided. Turner v. Shulkin, 29 Vet. App. 207, 218-19 (2018). 

The Veterans Benefits Administration (VBA) and the Veterans Health Administration (VHA), although both within the Department of Veterans Affairs, are separate administrative organizations. Thus, to be clear, it is only after the Veterans Benefits Administration has received a report of examination or hospitalization from the Veterans Health Administration that it is required to treat the report as an informal claim for an increase in disability compensation and initiate the adjudicative process. Section 3.157(b)(1) merely requires that, once received, the regional office will recognize “[t]he date of outpatient or hospital examination” as the date that the informal claim was filed. Massie v. Shinseki, 25 Vet. App. 123, 132, n.8 (2011), aff’d 724 F.3d 1325 (Fed. Cir. Jul 29, 2013).

Here, the mere fact that the Veteran, or his spouse, filed a claim for CHAMPVA benefits was not sufficient to put the RO on notice of the dependent spouse. There is no indication that the claimant (either the Veteran or his spouse) furnished sufficient information to the RO to identify and locate the claim for CHAMPVA benefits or the approximate time frame of that claim. (The third factor, the condition for which treatment was provided, does not appear relevant here.) See Turner, 29 Vet. App. at 218-19. It appears that the May 2019 Supplemental Claim submission is the first time the Veteran put the RO on notice that his spouse received CHAMPVA benefits. Thus, the RO did not have constructive notice of his dependent spouse through her CHAMPVA claim. 

Rather, the earliest date that the RO received notice of an intent to file a claim for additional compensation based on a dependent remains November 5, 2013. 

As such, the Board must deny the claim as a matter of law. In addition, the effective date assigned for the addition of the Veteran’s dependent spouse was the first day following the month of the receipt of this information (i.e., December 1, 2013). The Board finds that by regulation, December 1, 2013, is the earliest effective date that can be assigned. See 38 C.F.R. § 3.31; Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (where the law and not the evidence is dispositive, the Board should deny the claim on the ground of lack of legal merit). 

Accordingly, the Board finds that the claim for entitlement to an effective date earlier than December 1, 2013, for the addition of the Veteran’s spouse as his dependent is denied.

 

 

Corey Bosely

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Laura Cochran, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.