NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BILL PARKER, JR.,**
*Claimant-Appellant*

**v.**

**PETER O'ROURKE, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2018-1656

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-4196, Judge Mary J. Schoelen.

_____

Decided: July 16, 2018

_____

BILL PARKER, JR., Clermont, FL, pro se.

DANIEL KENNETH GREENE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR., CHAD A. READLER; LARA EILHARDT, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before PROST, *Chief Judge,* NEWMAN and LINN,
*Circuit Judges.*

PER CURIAM.

Appellant Bill Parker appeals an order of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") holding that it did not have jurisdiction to hear his claim for a total disability rating based on individual unemployability ("TDIU") for the period of January 1, 1987, to January 1, 1996. The Veterans Court also found that the Board of Veterans Appeals ("the Board") complied with a remand order directing it to find whether he was entitled to an earlier effective date for his service-connected disability, although it is unclear whether Mr. Parker is appealing that issue. Mr. Parker requests that this court grant him a TDIU rating for the period of January 1, 1987 to January 1, 1996, or, alternatively, a 70% disability rating for his service-connected disability for the same time period.

For the reasons set forth below, this court affirms the Veterans Court's finding that it lacked jurisdiction to consider the TDIU claim. We also conclude that we lack jurisdiction to consider Mr. Parker's alternative claim for a 70% disability rating. To the extent that Mr. Parker is appealing the Veterans Court's finding that the Board complied with the remand order, we conclude that the Veterans Court applied the proper standards in reviewing the Board's decision. We otherwise lack jurisdiction to review the Veterans Court's findings on the Board's decision that Mr. Parker was not entitled to an earlier effective date for his service-connected disability.

I

Mr. Parker served in the Army from October 1977 to October 1980 and from May 1981 to December 1986. He first filed a claim for disability compensation in August

1987 and was granted a non-compensable rating for adjustment disorder with a depressed mood. After subsequent medical exams with the Department of Veterans Affairs ("VA"), his condition was re-characterized as major depression, and he was granted a 30% disability rating for his psychiatric disorder with an effective date of July 2004. In 2005, Mr. Parker also filed for TDIU, and in 2007 the Regional Office granted Mr. Parker TDIU with a 70% disability rating with an effective date of July 2004, pursuant to regulation 38 C.F.R. § 4.16. Mr. Parker subsequently requested an increased rating for his psychiatric disorder and an earlier effective date of January 1, 1987. Following several appeals and reconsiderations of his prior medical records by the VA Regional Office and the Board, Mr. Parker was ultimately granted a 100% disability rating for service-connected bipolar disorder with an effective date of September 1996. In that decision by the Board, it also denied Mr. Parker's request for an earlier effective date for that disability rating.

On appeal, the Veterans Court remanded the case to the Board with instructions to (a) determine whether any medical reports prior to September 1996 constituted an informal claim for increased compensation for his bipolar disorder and, if not, then (b) provide an adequate statement of the reasons for that finding. Prior to March 24, 2015, a VA Medical Center treatment record or report of hospitalization that indicated a worsening of the veteran's service-connected disability constituted an informal claim for an earlier effective date for increased benefits. 38 C.F.R. § 3.157(b)(1); *see also Massie v. Shinseki*, 25 Vet. App. 123,132 (2011) *aff'd*, 724 F.3d 1325 (Fed. Cir. 2013).

In its 2016 decision following the remand from the Veterans Court, the Board found that medical reports between 1990 and 1994 indicated that his condition had

not worsened during that period.[1]  Therefore, the Board concluded that his medical reports did not constitute informal claims for increased disability compensation within the meaning of the regulations, and he was not entitled to an earlier effective date than September 1996 for his service-connected bipolar disorder.  In that decision, the Board did not consider his request for total disability based on individual unemployability.

Mr. Parker appealed the Board's decision, arguing that it (a) failed to properly consider his TDIU claim for the period of January 1, 1987 to January 1, 1996 and (b) failed to fully comply with the remand order in its findings on an earlier effective date for a compensable rating for his service-connected bipolar disorder.  The case before us presents a review of the Veterans Court's decision on that appeal.

In its 2018 decision on appeal here today, the Veterans Court dismissed Mr. Parker's TDIU claim concluding that it did not have jurisdiction to address the issue because the Board did not consider it in its 2016 decision. *See* 38 U.S.C. 7252(a); *see also Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000).  The Veterans Court also found that, despite committing a harmless error, the Board had substantially complied with the remand order regarding its denial of an earlier effective date for Mr. Parker's service-connected bipolar disorder.

The Veterans Court entered judgment on March 6, 2018, and Mr. Parker timely appealed to this court.

---

[1]    The Board also heard Mr. Parker's claims related to a left knee disability.  Although Mr. Parker includes facts in his informal appeal that appear to relate to this issue, those claims have not been raised in this appeal.

## II

Under 38 U.S.C. § 7292, this court has limited jurisdiction to review decisions by the Veterans Court. *See Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). This court may review a question as to the validity of a law, as well as a legal challenge to the Veterans Court's interpretation of a statute or regulation. However, if no constitutional issue is raised, then this court cannot review any factual determinations made by the Veterans Court, or any challenge to how the Veterans Court applied law or regulation to the facts of the case. 38 U.S.C. § 7292; *see also Cayat v. Nicholson*, 429 F.3d 1331, 1333 (Fed. Cir. 2005). As such, we also do not have jurisdiction to award benefits. *See* 38 U.S.C. § 7292.

Mr. Parker argues on appeal that the Veterans Court failed to correctly decide his request for TDIU for the period of January 1, 1987, to January 1, 1996. Mr. Parker requests that we grant TDIU for that period pursuant to the relevant regulation, 38 C.F.R. § 4.16. The Veterans Court dismissed Mr. Parker's request for TDIU on the basis that it did not have jurisdiction to hear that issue. That decision raises a question of statutory interpretation of the Veterans Court's jurisdiction that this court can review. *Ledford v. West*, 136 F.3d 776, 778 (Fed. Cir. 1998).

The Veterans Court found that it lacked jurisdiction to hear Mr. Parker's claim for TDIU because the 2016 decision by the Board did not consider this claim. Under 38 U.S.C. § 7252(a), the Veterans Court cannot review an issue if the Board has not rendered a final decision on it. *See Howard*, 220 F.3d at 1344. As the government notes, Mr. Parker submitted an application for TDIU in 2015, but withdrew it shortly thereafter. Additionally, when the Veterans Court remanded Mr. Parker's case to the Board, it noted that he could submit evidence or argument for TDIU. Mr. Parker, however, did not submit any

evidence or make any argument regarding TDIU before the Board.

As a result, the only issue considered by the Board in its 2016 decision was whether Mr. Parker was entitled to an earlier effective date for a 100% disability rating for his service-connected bipolar disorder. In its review of the Board's 2016 decision, the Veterans Court thus properly concluded that it could not consider Mr. Parker's request for TDIU in the first instance because no final decision on the matter had been issued by the Board.

Mr. Parker asserts in his informal brief that he worked nine different jobs in ten years and was discharged from the army because he could not advance in rank. To the extent that Mr. Parker is arguing that the Veterans Court failed to consider those facts in reviewing his claim for TDIU, or that the Board failed to consider those facts as evidence for his TDIU claim, we do not have jurisdiction to analyze Mr. Parker's factual allegations. 38 U.S.C. § 7292; *see also Maxson v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000). Because the Board did not decide the issue of Mr. Parker's TDIU, the Veterans Court was correct to conclude that it could not hear that issue for lack of jurisdiction. We affirm and conclude that we also cannot hear the claim for TDIU in the first instance.

For similar reasons, this court does not have jurisdiction to consider Mr. Parker's alternative request for a 70% disability rating for his service-connected bipolar disorder for the period of January 1, 1987, to January 1, 1996. We do not have jurisdiction to hear issues that were neither raised before, nor decided by, the Veterans Court. *Emenaker v. Peake*, 551 F.3d 1332, 1337 (Fed. Cir. 2008) (citing *Forshey v. Principi*, 284 F.3d 1335, 1355 (Fed. Cir. 2002) (en banc)). As the government correctly notes, even if Mr. Parker had raised this issue before the Veterans Court, that court would have again encountered the issue that it lacked jurisdiction because the Board had also not

considered Mr. Parker's request for a 70% disability rating in its 2016 decision either. *Howard*, 220 F.3d at 1344.

To the extent that Mr. Parker is appealing his request for an earlier effective date for a 100% disability rating for his service-connected bipolar disorder, this court would again lack the jurisdiction to review the Veterans Court decision because it involved an application of law to the Board's review of Mr. Parker's medical records. We do not have jurisdiction to review applications of law to the facts of a case. 38 U.S.C. § 7292(d)(2).

Finally, to the extent that Mr. Parker's brief can be construed as appealing the Veterans Court's finding of harmless error, our jurisdiction would be limited to determining whether the Veterans Court applied the proper standard for prejudicial error as prescribed by statute. 38 U.S.C. § 7261(b)(2) (requiring the court to take due account of the rule of prejudicial error). The Veterans Court applies the same standard in determining whether an error is prejudicial or harmless as any other court hearing a civil proceeding would, namely, whether the error affected the party's substantial rights. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). A harmless error analysis can involve several factors but generally speaks to whether the error affected the judgment. *Id.* at 411–12.

In its review of the Board's compliance with the remand order, the Veterans Court found that the Board committed a harmless error by not expressly finding whether Mr. Parker was "examined or hospitalized" within the meaning of 38 C.F.R. § 3.157 prior to 1996. The Veterans Court found this to be harmless error because the Board's review of Mr. Parker's medical reports indicated that his condition had not worsened and would therefore not constitute an informal claim for increased benefits. The failure to make this express finding, as the Veterans Court explained, did not affect

the analysis of Mr. Parker's records with regard to his claim for an earlier effective date for his service-connected bipolar disorder. The determination by the Veterans Court that Mr. Parker's substantial rights were not affected by the Board's error and that he did not prove otherwise was therefore an application of the proper prejudicial error standard mandated by 38 U.S.C. § 7261(b)(2). *See Sanders*, 556 U.S. at 409.

In conclusion, the Veterans Court properly found that it lacked jurisdiction to hear Mr. Parker's claim for TDIU for the period of January 1, 1987, to January 1, 1996. The decision of the Veterans Court dismissing Mr. Parker's TDIU claim for lack of jurisdiction is therefore affirmed. We also do not have jurisdiction to hear, in the first instance, Mr. Parker's claims for TDIU or a 70% disability rating for the same period. Finally, we conclude that to the extent the issue is raised, the Veterans Court applied the proper prejudicial error standard to the Board's decision regarding Mr. Parker's claim for an earlier effective date for his service-connected bipolar disorder, and this court otherwise cannot review the factual findings as to that claim.

## AFFIRMED

### COSTS

The parties shall bear their own costs.