NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SYLVESTER D. CHATMAN, SR.,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1262

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-6731, Judge William S. Greenberg.

---

Decided: June 2, 2020

---

SYLVESTER D. CHATMAN, SR., Spokane, WA, pro se.

ERIN MURDOCK-PARK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.; MARTIE ADELMAN, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before DYK, CLEVENGER, and HUGHES, *Circuit Judges.*

CLEVENGER, *Circuit Judge.*

Mr. Chatman appeals the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") in *Chatman v. Wilkie*, No. 18-6731, 2019 WL 4061968 (Vet. App. Aug. 29, 2019), that affirmed an October 25, 2018 decision of the Board of Veterans Appeals (the "Board") (1) denying an effective date earlier than November 8, 2014 for a 20% rating for residuals of a medial meniscus tear, and (2) remanding a portion of the Board's decision that denied an earlier effective date for a noncompensable rating for limitation of extension of the right knee as well as a 10% rating for limitation of flexion of the right knee. For the reasons set forth below, we affirm.

## BACKGROUND

Mr. Chatman served on active duty in the U.S. Air Force from October 1975 to July 1998 as an aircraft systems superintendent. In March 1998, Mr. Chatman received right knee surgery to repair a meniscal tear. VA granted service connection for residuals of a right knee meniscal tear effective August 1, 1998—the day following Mr. Chatman's date of discharge or release—because the application was received within one year. *See* 38 U.S.C. § 5110(b)(1). This disability was rated at 10% for "slight lateral collateral laxity" of the right knee under Diagnostic Code (DC) 5257. Mr. Chatman was informed of this decision, and his appellate rights, in a January 25, 1999 letter.

In February 2007, Mr. Chatman had a partial right knee medial meniscectomy. The surgery was not completed at a VA facility or by a VA doctor. Surgical records were not forwarded to the VA Regional Office at the time of the operation, or at any time prior to his claim for an increased disability rating.

Mr. Chatman filed his claim for an increased disability rating on November 8, 2014. He submitted with his claim a private physician's disability benefits questionnaire (DBQ) that documented his 2007 surgery and noted a history of knee instability. Following his claim, a VA regional office increased Mr. Chatman's disability rating under DC 5257 to 20%, based on moderate lateral instability of the right knee, and effective retroactively to the November 8, 2014 filing date. The Regional Office also awarded a 10% rating for limitation of flexion under DC 5260, and a noncompensable rating for limitation of extension under DC 5261, both effective November 8, 2014.

Mr. Chatman disagreed with both the assigned disability ratings and the effective date for his knee condition, and filed a Notice of Disagreement in November 2015. The Regional Office denied the Notice of Disagreement in a Statement of the Case, and Mr. Chatman perfected an appeal for "retroactive effective date – right knee surgery (February 2007)." *Chatman*, No. 18-6731, 2019 WL 4061968, at *2.

The Board denied Mr. Chatman's appeal. Specifically, the Board found that neither the private physician's DBQ nor any other evidence of record provided a basis on which it could ascertain an increase in Mr. Chatman's knee instability during the year prior to the date of receipt of the claim—November 8, 2014. The Board also denied the portion of Mr. Chatman's claim related to an earlier effective date for his DC 5260 claim (10% rating for limitation of flexion of the right knee) and his DC 5261 claim (noncompensable rating for limitation of extension of the right knee) without considering whether Mr. Chatman was entitled to an earlier effective date for those claims pursuant to 38 U.S.C. § 5110(b)(2).

Mr. Chatman appealed three parts of the Board's decision to the Veterans Court: "(1) a 20% disability rating for residuals of an in-service medical meniscus tear[;] (2) a noncompensable rating for limitation of extension of the

right knee; and (3) a 10% disability rating for a limitation of flexion of the right knee." *Chatman*, No. 18-6731, 2019 WL 4061968, at *1.

In an August 29, 2019, decision, the Veterans Court affirmed in part and remanded in part Mr. Chatman's claims. First, the Veterans Court affirmed the Board's decision with respect to Mr. Chatman's claim for an earlier effective date for the 20% disability rating under DC 5257. The Veterans Court found that Mr. Chatman was awarded a 20% disability rating based on knee instability, not on knee surgery, and that the "Board correctly found that there was no evidence of an ascertainable increase in [Mr. Chatman's] . . . lateral knee instability in the year before November 8, 2014." *Id.* at *2. Second, the Veterans Court remanded to the Board Mr. Chatman's DC 5260 and DC 5261 claims. It found that the Board "erred in failing to seek clarification of the issues that [Mr. Chatman] wished to appeal in his Substantive Appeal under 38 C.F.R. § 20.101(d) (2018)." *Id.* at *3. Further, considering VA's concession that the Board failed to consider whether Mr. Chatman was entitled to an effective date pursuant to 38 U.S.C. § 5110(b)(2) for the disability ratings under DCs 5260 and 5261, the Veterans Court also remanded for re-adjudication. *Id.*

This appeal followed.

## STANDARD OF REVIEW

This court's review of Veterans Court decisions is strictly limited by statute. Unless an appeal presents a constitutional issue, we may not review challenges to factual determinations or challenges to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2). We may review whether the Veterans Court failed to consider a controlling rule of law in reaching its decision. 38 U.S.C. § 7292(a). We may also review the proper interpretation of a regulation. *Massie v. Shinseki*, 724 F.3d 1325, 1327 (Fed. Cir. 2013). We review a claim of

legal error in the decision of the Court of Appeals for Veterans Claims without deference. *See Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004).

## DISCUSSION

Under 38 U.S.C. § 5110(a), the effective date of an increase in a veteran's disability compensation "shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." 38 U.S.C. §5110(b)(3) provides an exception to this general rule: "The effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had occurred, if application is received within one year from such date." In accordance with this subsection, VA has promulgated 38 C.F.R. § 3.400(o)(2), which states that the effective date of any increase in disability compensation will be the "[e]arliest date as of which it is factually ascertainable that an increase in disability had occurred if [the] claim . . . is received within 1 year from such date"; otherwise, the effective date of the increase is the "date of receipt of [the] claim." *See Gaston v. Shinseki*, 605 F.3d 979, 982 (Fed. Cir. 2010).

Relying on § 3.400(o)(2), the Board found that neither Mr. Chatman's private physician's DBQ nor any other evidence of record provided a basis on which it could ascertain an increase in Mr. Chatman's knee instability during the year prior to the date of receipt of the claim. The Veterans Court affirmed, holding that the "Board correctly found that there was no evidence of an ascertainable increase in [Mr. Chatman's] . . . lateral knee instability in the year before November 8, 2014." *Chatman*, No. 18-6731, 2019 WL 4061968, at \*2.

On appeal, Mr. Chatman alleges, among other things, that: (1) the Board and Veterans Court failed to comply with 38 U.S.C. §5110(b)(3); and (2) 38 C.F.R. § 3.400(o)(2) conflicts with federal law. *See* Appellant's Informal Reply

Br. at 4 ("The appeal before this court is specifically focused on complying with U.S. federal statutes and our U.S. rules of law."); *see also* Appellant's Informal Br. at 1 ("VA regulatory guidelines, 38 C.F.R. § 3400(o)(2), used for assigning effective dates to disabled veterans claims are inconsistent with the literal rules of federal law. . . .").

First, according to Mr. Chatman, the Board's and Veterans Court's decisions are "inconsistent with . . . 38 U.S.C. §5110(b)(3)," because §5110(b)(3) "does not state a veteran's increased disability claim must be ascertainable 'in the year before' nor does the statute state the appellant's increased disability must be 'during a one-year period preceding' appellant's submission of his application for increased disabilities." Appellant's Informal Reply Br. at 3 (emphases omitted). As this court held in May 2010, however, "[i]t is clear from the plain language of 38 U.S.C. § 5110(b)(2)," now codified as 38 U.S.C. § 5110(b)(3),[1] "that it only permits an earlier effective date for increased disability compensation if that disability increased during the one-year period before the filing of the claim." *Gaston*, 605 F.3d at 983. Thus, we hold that the Veterans Court did not err in construing 38 U.S.C. §5110(b)(3) when it found that Mr. Chatman is not entitled to an effective date earlier than November 8, 2014 for a 20% rating for residuals of a medial meniscus tear. Accordingly, that holding of the Veterans Court is affirmed.

Second, with respect to Mr. Chatman's argument that 38 C.F.R. § 3.400(o)(2), relied upon by the Board, conflicts with 38 U.S.C. §5110(b)(3), this court has also held that both § 5110(b)(2) (2010), now § 5110(b)(3), and its implementing regulation, § 3.400(o)(2), require that an increase in a veteran's service-connected disability must have occurred during the one year prior to the date of the

---

[1]    An August 2012 amendment to 38 U.S.C. § 5110 recodified § 5110(b)(2) as § 5110(b)(3).

veteran's claim in order to receive the benefit of an earlier effective date. *See Gaston*, 605 F.3d at 984. Accordingly, we hold that § 3.400(o)(2) is not in conflict with federal law. *See* 38 U.S.C. § 7292(d)(1).

We have carefully reviewed the remainder of Mr. Chatman's arguments. To the extent he challenges the Board's and Veterans Court's factual determinations, *see* Appellant's Informal Reply Br. at 5–7, 11–13, such arguments fall outside of this court's jurisdiction. 38 U.S.C. § 7292(d)(2). To the extent he argues issues currently on remand to the Board, such arguments are not final and not reviewable. *See Ebel v. Shinseki*, 673 F.3d 1337, 1340 (Fed. Cir. 2012) ("[W]e generally do not review the Veterans Court's remand orders because they are not final decisions."); *Joyce v. Nicholson*, 443 F.3d 845, 849 (Fed. Cir. 2006) (same).

For the foregoing reasons, the Veterans Court's holdings are

## AFFIRMED

### COSTS

The parties shall bear their own costs.