NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FELICIA N. JONES,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1562

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-6407, Judge Coral Wong Pietsch.

---

Decided: December 5, 2024

---

FELICIA N. JONES, Houston, TX, pro se.

LAUREL DON HAVENS, III, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, PROST and STOLL, *Circuit Judges*.

PER CURIAM.

Felicia N. Jones appeals a decision of the Court of Appeals for Veterans Claims (Veterans Court), affirming the Board of Veterans Appeals' (Board) decision finding that Ms. Jones is not a veteran and therefore not entitled to Department of Veterans Affairs (VA) benefits. For the following reasons, we *dismiss* for lack of jurisdiction.

BACKGROUND

In 2011, Ms. Jones requested military service records from the Army Human Resources Command Contact Center (AHRCCC). S. Appx. 19.[1] The AHRCCC did not provide Ms. Jones any records because the social security number Ms. Jones provided belonged to a deceased person. *Id.*

In 2013, Ms. Jones submitted an application to the Army Board for Correction of Military Records (ABCMR) requesting correction of her middle name and her social security number. S. Appx. 17. Ms. Jones provided two supporting documents belonging to a "Felicia Nichole Jones," listing the same social security number the AHRCCC found belonged to a deceased person. S. Appx. 20–23. The ABCMR returned her application because (1) Ms. Jones did not provide copies of documents showing the incorrect middle name, and (2) there was a discrepancy with the social security number provided. S. Appx. 16.

In 2015, Ms. Jones filed a claim for disability compensation with the VA indicating she served in the U.S. Army Junior Reserve Officers' Training Corps (JROTC). S. Appx. 14. Ms. Jones alleged she had served under the

---

[1] "S. Appx." refers to the Supplemental Appendix filed with the Informal Response Brief.

name Felicia N. Henderson. S. Appx. 1. The VA requested Ms. Jones' service records, but the National Personnel Records Center did not have any records for Felicia N. Henderson. S. Appx. 1. The VA denied Ms. Jones' claim for compensation because "participation in JROTC is not considered active duty and, therefore, does not give you the legally required Veteran status for eligibility for VA benefits." S. Appx. 14. Ms. Jones filed a notice of disagreement with the VA's decision.

In 2017, the VA conducted another search for Ms. Jones' military records, but none were located. S. Appx. 2. The VA asked Ms. Jones to provide any copies of records she had in her possession. Ms. Jones provided a copy of DD Form 214, which listed "Henderson, Felicia Necole," had 0 years, 0 months, and 0 days of service, and was awarded the "Medal of Freedom, Combat Purple Heart, Humatation [sic]." S. Appx. 13.

The Board found Ms. Jones had no service in the Armed Forces, and her claim must be denied because of lack of legal entitlement. S. Appx. 8. The Board explained that Ms. Jones' claim indicated she served in JROTC in 1989 in one document, and in the Army in 1989 in another. *Id.* Ms. Jones "provided service personnel and medical records for a servicemember who shared her first and last name, but who had a different social security number, date of birth, and dates of service. The servicemember in question died on December 31, 1992." *Id.* The Board determined Ms. Jones had no periods of active duty service, and participation in JROTC does not demonstrate she is a veteran. *Id.* Ms. Jones appealed to the Veterans Court.

The Veterans Court affirmed the Board's decision. Before the Veterans Court, Ms. Jones argued she had received honorable service in the Army from January 1989 to October 2022, and her award of Medal of Honor was pending. S. Appx. 3. She also argued the Board's decision included Clear and Unmistakable Error (CUE), and

improperly applied several statues and regulations. *Id.* The Veterans Court found Ms. Jones did not explain with any specificity how the Board erred, and her cited statutes and regulations were not pertinent to the Board's decision. S. Appx. 4. As to Ms. Jones' new argument regarding her service from 1989 to 2022, the Veterans Court concluded that while it could hear the argument in the first instance, it would exercise its discretion to decline to do so. S. Appx. 4–5. The Veterans Court's decision was based on the fact that Ms. Jones submitted records and statements with conflicting dates of service, names, and Social Security numbers, and did not challenge the Board's finding that the records did not belong to her. *Id.* Ms. Jones appeals.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Absent a constitutional challenge, we may not "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Ms. Jones argues the Veterans Court erred in (1) its interpretation of "Rule 55," (2) failing to provide her military benefits, (3) not accounting for stating Ms. Jones is a veteran on a document, (4) not applying "the Honorable Discharge Award with the benefits," (5) not immediately giving housing provisions or benefits, (6) violating her constitutional rights, and (7) CUE. *See* Appellant's Informal Br. 3. Ms. Jones also invokes the Equal Access to Justice Act (EAJA) without explanation. *Id.* Because Ms. Jones' challenges are all factual in nature, we do not have jurisdiction.

Ms. Jones asserts the Veterans Court interpreted "Rule 55," and cites to *Massie v. Shinseki*, 724 F.3d 1325, (Fed. Cir. 2013). Appellant's Informal Br. 2. However, neither the Veterans Court's decision nor *Massie* discuss "Rule 55." Nor did the Veterans Court interpret any other statutes or regulations. S. Appx. 1–5.

Ms. Jones argues the Veterans Court violated her constitutional rights by ridiculing her about being unrepresented. *See* Appellant's Informal Br. 3. Ms. Jones does not point to any statement made by the Veterans Court, and we do not see any ridicule of Ms. Jones in the Veterans Court's decision. On the contrary, the Veterans Court noted its duty to sympathetically read Ms. Jones' pleadings. S. Appx. 3. Ms. Jones' "characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

Ms. Jones argues the Veterans Court erred in its analysis of CUE. *See* Appellant's Informal Br. 3. The Veterans Court noted that Ms. Jones argued "CUE," but did not explain with any specificity how the Board erred. S. Appx. 3–4. The Veterans Court therefore declined to determine CUE. Again, we see no argument on appeal over which we have jurisdiction.

Ms. Jones appears to argue the Veterans Court failed to apply the EAJA. Appellants Informal Br. 3. However, Ms. Jones does not explain how she believes the EAJA applies to her case. [W]e may review the Veterans Court's interpretation of the EAJA de novo," but we lack jurisdiction over the application of EAJA to the facts of a case. *Cavaciuti v. McDonough*, 75 F.4th 1363, 1367 (Fed. Cir. 2023). The Veterans Court did not mention, let alone interpret the EAJA. We, therefore, lack jurisdiction over this argument as well.

Ms. Jones' remaining arguments raise either factual issues, or the application of the law to the facts of this case,

which we also do not have jurisdiction to review.  38 U.S.C. § 7292(d)(2).

CONCLUSION

For the reasons stated, we dismiss this appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.