NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VANDERBILT EVANS, SR.,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1200

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-4662, Judge Amanda L. Meredith.

---

Decided: October 21, 2025

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, YAAKOV ROTH; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of

General Counsel, United States Department of Veterans
Affairs, Washington, DC.

———————————

Before TARANTO, STOLL, and CUNNINGHAM, *Circuit
Judges*.

PER CURIAM.

Vanderbilt Evans, Sr., served in the United States Marine Corps from 1965 to 1967, with duty in Vietnam. During his service, he was shot in his left shoulder and left brachial plexus nerves. In 1968, he obtained veterans' disability benefits from the Department of Veterans Affairs (VA) based on the gunshot wound, with a 60% disability rating reflecting severe incomplete paralysis in his non-dominant arm under diagnostic code 8513. In 1996, as is relevant here, Mr. Evans asked VA to reexamine his left shoulder because he felt increased pain during the preceding months.

In 2010, VA added ischemic heart disease (IHD) to its list of conditions presumptively associated with exposure to certain herbicides. *See* 38 C.F.R. § 3.309(e); *Diseases Associated with Exposure to Certain Herbicide Agents (Hairy Cell Leukemia and Other Chronic B-Cell Leukemias, Parkinson's Disease and Ischemic Heart Disease)*, 75 Fed. Reg. 53,202, 53,216 (Dep't Vet. Affairs Aug. 31, 2010) (codified at 38 C.F.R. pt. 3). Shortly thereafter, Mr. Evans sought, and in 2012 he was awarded, disability benefits for service-connected IHD, receiving a late-2010 effective date of the award—which, some years later, was moved back to early 2010. Mr. Evans, on essentially two bases, argued for an earlier effective date for the IHD-based award—back to 2000, when he was diagnosed by a non-VA physician with a form of IHD, or to 2001, when VA medical records note that diagnosis. VA's Board of Veterans' Appeals (Board) rejected the request for a pre-2010 effective date in 2020, and the United States Court of Appeals for Veterans

Claims (Veterans Court) affirmed that denial in 2023, *Evans v. McDonough*, No. 20-4662, 2023 WL 3298922 (Vet. App. May 8, 2023) (*Decision*).

Mr. Evans appeals the Veterans Court's decision, invoking our jurisdiction under 38 U.S.C. § 7292. Because this case involves no constitutional issue, our jurisdiction is limited to issues of asserted legal error by the Veterans Court, and a challenge of error in a factual finding, or of mere misapplication of law to fact, is outside our authority. *See, e.g., Perciavalle v. McDonough*, 101 F.4th 829, 835 (Fed. Cir. 2024). Here, Mr. Evans agrees that, as the case is framed in this appeal, each of his two asserted bases for the earlier effective date for service-connected IHD has, as a necessary premise, that the record of his 1996 VA medical examination qualifies as his filing of an "informal" claim for an increased rating under a then-governing (but now repealed) regulation, 38 C.F.R. § 3.157(b)(1) (2009). *See* Evans Opening Br. at 18; Evans Reply Br. at 4; J.A. 50–51. Mr. Evans contends that there is a legal issue related to his informal-claim argument—*i.e.*, that because he purportedly went from one disability to two disabilities in 1996, his condition worsened under § 3.157(b)(1) as a matter of law. We conclude, however, that Mr. Evans cannot establish error in the denial of the earlier effective date without having us disturb factual or law-applied-to-facts determinations that we cannot review, and we therefore must dismiss his appeal.

Under the pertinent part of the then-governing regulation, "an informal claim for increased benefits" could include the "receipt of" a "[r]eport of [an] examination" for "a disability for which service-connection has previously been established." 38 C.F.R. § 3.157(b)(1) (2009). We have held that a qualifying report must be "tied to the earliest ascertainable date 'that an increase in disability had occurred.'" *Massie v. Shinseki*, 724 F.3d 1325, 1328–29 (Fed. Cir. 2013) (quoting 38 U.S.C. § 5110(b)(3)). And we have concluded that whether an informal claim shows that the

"veteran's disability has worsened" is a "factual[ ]" matter, consistent with 38 C.F.R. § 3.400(o)(2) (treating, since its promulgation in 1975, increase in disability as a factual matter). *Massie* 724 F.3d at 1328–29.

Here, what had to be ascertainable in 1996 was an increase in the disability-causing conditions from what they were in 1968, when the 60% rating was assigned. But, as the Veterans Court explained, the Board found that Mr. Evans's paralysis rating in 1968 encompassed his shoulder pain and that there was no basis to find that Mr. Evans's shoulder worsened since 1968. J.A. 64–65; *Decision*, at *3. Those predicate factual findings are unreviewable by this court, and unless disturbed, they preclude the determination sought by Mr. Evans—that his 1996 medical record qualified as an informal claim.

Because we are without jurisdiction to rule on the issues presented by Mr. Evans, we dismiss his appeal.

The parties shall bear their own costs.

## DISMISSED